IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELISA BARAJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-01910-BT |
| | § | |
| MAVERICK TRANSPORTATION LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Maverick Transportation, LLC filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 8) Plaintiff's claim for negligent entrustment in this removed civil action arising from a motor vehicle accident. For the reasons set forth below, the Court GRANTS Defendant's Motion and DIMISSES Plaintiff's claim for negligent entrustment.

## **Background**

This lawsuit arises out of an August 23, 2023 motor vehicle accident in Dallas County involving Plaintiff Elisa Barajas and Hamilton Jackson, a driver for Defendant Maverick Transportation, LLC. Am. Notice of Removal, Ex. A-2 ¶ 7 (ECF No. 4). In her Original Petition, Plaintiff asserts two negligence-based claims against Defendant—negligent entrustment and respondeat superior—seeking damages of over $1 million. *Id.* ¶¶ 8-11, 20.

On September 11, 2024, Defendant filed this Motion, arguing for dismissal

1

of Plaintiff's negligent entrustment claim. Mot. 1 (ECF No. 8). Defendant argues that Plaintiff relies on conclusory statements and fails to allege any facts to support a claim for negligent entrustment. *Id.* at 5. Plaintiff did not file a response.

## Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at

557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019), *aff'd* 824 F. App'x 210 (5th Cir. 2020) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.")

## Analysis

Plaintiff fails to allege sufficient facts to state a claim against Defendant for negligent entrustment.

To plead a negligent entrustment claim, a plaintiff must state enough facts, which if proven, would show that: (1) the defendant entrusted the vehicle to a driver; (2) the driver was unlicensed, incompetent, or reckless; (3) at the time of the entrustment, the defendant knew or should have known that the driver was an unlicensed, incompetent, or reckless driver; (4) the driver was negligent; and (5)

the driver's negligence proximately caused the collision. *See Goodyear Tire & Rubber Co. v. Mayer*, 236 S.W.3d 754, 758 (Tex. 2007). Under Texas law, a driver possessing a valid driver's license is presumed to be a competent driver. *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App.—Dallas May 10, 2004, pet. denied).

> In support of her negligent entrustment claim, Plaintiff alleges that:
>
> [she] was traveling on North Hampton Road . . . when suddenly, violently, and without warning her vehicle was struck on the front end. [Jackson] who was driving a semi-trailer truck (owned by [Defendant]) failed to keep a proper distance between the two vehicles, when he struck [Plaintiff's] vehicle while attempting to turn.

Am. Notice of Removal, Ex. A-2 ¶ 7. She further alleges that "Defendant [ ] was independently negligent by negligently entrusting their vehicle to [Jackson] when they should have known that [Jackson] was an incompetent and reckless driver," that "Jackson was liable for causing the collision," and that "Jackson's negligence was the proximate cause of Plaintiff's injuries." *Id.* ¶¶ 8, 9. The Court finds that these conclusory statements do not satisfy Plaintiff's burden to state a claim for negligent entrustment.

Plaintiff does not allege that Jackson was an unlicensed driver, and she fails to allege any specific facts to support her conclusory assertion that Jackson was "an incompetent and reckless driver" or that Defendant knew or should have known of such incompetence or recklessness at the time of entrustment. Plaintiff does not point to any previous traffic violations or other accidents involving Jackson, and Jackson's mere involvement in the collision at issue is not sufficient to create an inference that he is an incompetent or reckless driver. *See Hann v.*

*IMC Waste Disposal*, 2023 WL 4208057, at *4 (N.D. Tex. June 27, 2023) (O'Connor, J.) ("when alleging recklessness or incompetence, [p]laintiff may point to previous traffic violations or other past events...") (citing cases); *see also Hernandez v. Ventura Sys. LLC*, 2024 WL 583500, at *3 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.) ("[driver]'s involvement in the collision itself is not evidence that creates an inference or conclusion that he is an incompetent or reckless driver under Texas law"). At the most, Plaintiff avers Jackson was driving a truck owed by Defendant when the collision occurred. But a claim for negligent entrustment cannot stand if the defendant's negligence did no more than furnish a condition which made the injury possible. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010).

Plaintiff has failed to sufficiently allege facts that support all the elements of her negligent entrustment claim. *See Walker v. Everhart Transp., Inc.,* 2024 WL 1517221, at *4 (N.D. Tex. Apr. 5, 2024) (Toliver, J.) (dismissing negligent entrustment claim on similarly deficient factual allegations); *Hernandez*, 2024 WL 583500, at *3 (same); *Hann*, 2023 WL 4208057, at *4 (same); Therefore, the Court GRANTS Defendant's Motion and DIMISSES Plaintiff's claim for negligent entrustment.

5

**SO ORDERED.**

November 4, 2024.

                                                                           REBECCA RUTHERFORD
                                                                           UNITED STATES MAGISTRATE JUDGE